IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE INTEREST OF JAYDENCE W.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF JAYDENCE W., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

MAKENA N., APPELLANT, AND TRISTEN W., APPELLEE.

Filed October 8, 2024.    No. A-24-134.

Appeal from the County Court for Cheyenne County: RANDIN R. ROLAND, Judge. Appeal dismissed.

Stacy C. Bach, of Nossaman Petitt Law Firm, P.C., L.L.O., for appellant.

Donald J.B. Miller, Cheyenne County Public Defender, for appellee Tristen W.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

Makena N. appeals a bridge order issued by the county court for Cheyenne County, sitting as a juvenile court, granting her and Tristen W. joint legal and physical custody of their minor child. However, because bridge orders are not final appealable orders, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Makena and Tristen are the biological parents of Jaydence W., born in 2022. They were never married. Makena and Jaydence resided in Nebraska prior to the proceeding at issue. Tristen is currently serving in the U.S. military and resides predominately in California.

- 1 -

On June 9, 2023, the State filed a juvenile petition seeking to adjudicate Jaydence and her half-sister, Journee H., after Journee was found unresponsive on June 7 and was later diagnosed with a brain bleed. A medical evaluation was also performed on Jaydence which revealed multiple bruises and abrasions on her face. Jaydence was placed into a 48-hour emergency police hold and subsequently placed with other family members.

The original petition sought adjudication of Jaydence under Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2016), alleging that she was a juvenile who lacked proper parental care by reason of the fault or habits of Makena. On October 26, 2023, Makena pled no contest to an amended "no fault" petition and the children were adjudicated. Jaydence remained in out of home placement with other family members. A disposition hearing was held, and the court ordered Makena to comply with the provisions of the October 30, 2023, case plan.

At a review hearing in January 2024, due to Makena's compliance with the rehabilitation plan, both parties moved for a bridge order and the court set a hearing. At the bridge order hearing, the court heard evidence that Makena had achieved the goals of the rehabilitation plan. Jaydence's guardian ad litem agreed it was in Jaydence's best interests for Makena to have full custody, and DHHS sought reunification between Makena and Jaydence.

The court issued its bridge order granting Makena and Tristen joint physical custody, to be exercised in alternating 6-month intervals. Makena appeals the juvenile court's order.

ASSIGNMENTS OF ERROR

Makena assigns that the juvenile court erred in finding that joint physical custody and removal from the state of Nebraska was in Jaydence's best interests. Tristen filed a purported cross-appeal but failed to comply with Neb. Ct. R. App. P. § 2-109(D)(4).

STANDARD OF REVIEW

When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decision made by the lower court. *In re Interest of Kamille C. & Kamiya C.*, 302 Neb. 226, 922 N.W.2d 739 (2019).

ANALYSIS

Makena argues that the juvenile court erred in finding joint physical custody between parents who reside in different states was in Jaydence's best interest. However, because the order appealed from is a bridge order, we lack jurisdiction over this appeal.

A bridge order is an order transferring jurisdiction over a child from the juvenile court to the district court. *In re Interest of Kamille C. & Kamiya C., supra*. See also Neb. Rev. Stat. § 43-246.02 (Cum. Supp. 2022). A juvenile court can ensure through a bridge order that, during the transfer of jurisdiction to the district court for entry of a custody decree, the custody arrangement that the juvenile court has found to be in the child's best interests remains in place. See *In re Interest of Kamille C. & Kamiya C., supra*.

Either parent can immediately move for a de novo reevaluation in district court of whether the custody arrangement is in the child's best interests—without a showing of a change of circumstances or incurring additional filing fees or costs. See *id.* Thus, any rights affected by the

bridge order would not be significantly undermined or irrevocably lost if not immediately appealable to our appellate courts. See *id.* See, also, § 43-246.02(9). A juvenile court's bridge order is merely a temporary order until it is given full force and effect by the district court, and it has no legally preclusive effect in the event that either parent wishes to challenge it in district court. *In re Interest of Kamille C. & Kamiya C., supra*.

Further, any determination upon direct review of the juvenile court's bridge order would have little meaning, because under the statutory scheme, the best interests determination could be made anew by the district court regardless. *Id*. It is for these reasons that a bridge order is not a final order subject to appellate review under Nebraska law. See *id*.

The procedural posture of this case is nearly identical to *In re Interest of Kamille C. & Kamiya C., supra.* There, the Nebraska Supreme Court summarized the procedural aspect of the case as follows:

> The bridge order in this case was entered after the adjudication of five children under Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2016), who had been in the mother's sole legal and physical custody. Two of those children had the same father, with whom they were placed during the ongoing juvenile proceedings. The bridge order gave the father legal and physical custody, with substantial visitation by the mother. The mother contests the bridge order, arguing that it was inappropriate under the circumstances, because by the time the bridge order was entered, the Department of Health and Human Services (DHHS) had conceded that the children could safely be placed back in her care and custody.

*In re Interest of Kamille C. & Kamiya C.*, 302 Neb. at 228-29, 922 N.W.2d at 743-44. The Supreme Court held the bridge order was not a final order subject to appellate review for the reasons stated above.

In the present case, Jaydence was adjudicated under § 43-247(3)(a). She had previously been in Makena's sole legal and physical custody. The juvenile court issued a dispositional order, granting DHHS temporary custody and ordering Makena to comply with the rehabilitation plan. By the time the bridge order was entered, Makena had fully complied with the rehabilitation plan; however, in its bridge order, the juvenile court awarded the parties joint custody, with each parent exercising 50 percent parenting time. Makena appealed, arguing that she should have been awarded sole custody. However, as evidenced by *In re Interest of Kamile C. & Kamiya C., supra*, a bridge order is not appealable.

Because this appeal is from the juvenile court's bridge order, we lack jurisdiction; therefore, we dismiss the appeal.

CONCLUSION

Because we lack appellate jurisdiction, the appeal is dismissed.

APPEAL DISMISSED.